UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN A. ROCCHIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:20-cv-00417 |
| | ) |
| E&B PAVING, LLC, and | ) |
| INTERNATIONAL UNION OF | ) |
| OPERATING ENGINEERS LOCAL 103, | ) |
| | ) |
| Defendants. | ) |

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff John A. Rocchio ("Rocchio"), by counsel, files this First Amended Complaint and Demand for Jury Trial against Defendants E&B Paving, LLC ("E&B Paving") and International Union of Operating Engineers Local 103 ("IUOE").

### I.     PARTIES, VENUE, AND JURISDICTION

1. Rocchio is a citizen of Indiana and resides in Kokomo, Indiana. From 1985 to 2019, Rocchio was an employee of E&B Paving or its predecessor company. Rocchio has been a member of the IUOE labor union from 1987 to the present.

2. E&B Paving is an Indiana limited liability company with its principal place of business in Anderson, Indiana.

3. IUOE Local 103 is a labor organization organized under the laws of the State of Indiana with three principal offices located in Indianapolis, Fort Wayne, and Kokomo.

4. This Court has subject matter jurisdiction of this First Amended Compliant pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185, and 42 U.S.C. §12101 *et seq.*

5. This suit includes a "hybrid" action under Section 301 of the Labor-Management Relations Act, in which the employer, E&B Paving, has breached the collective bargaining agreement against Rocchio, and the labor union, IUOE, has breached its duty to fairly represent Rocchio, in that it failed to take any action on his behalf against E&B Paving for breach of the collective bargaining agreement. 29 U.S.C. § 185; *Vaca v. Sipes*, 386 U.S. 171 (1967).

6. This suit includes employment discrimination claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

7. Venue is proper pursuant to 29 U.S.C. § 1391 in that Defendants are subject to personal jurisdiction in the Southern District of Indiana, regularly conduct business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

8. Mr. Rocchio satisfied his requirement to exhaust administrative remedies by filing Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against E&B Paving and IUOE on February 5, 2020, alleging disability discrimination.

9. On or about August 13, 2020, the EEOC issued a Notice of Right to Sue related to Rocchio's Charge of Discrimination against E&B Paving.

10. On or about August 13, 2020, the EEOC issued a Notice of Right to Sue related to Rocchio's Charge of Discrimination against IUOE.

## II.   FACTUAL ALLEGATIONS

11. Rocchio incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

12. Rocchio began his employment with E&B Paving's predecessor company, More Construction, in April 1985. E&B Paving purchased More Construction in 2003. E&B Paving is

an asphalt and concrete paving business involved in the paving of highways, roads, parking lots, driveways, and other surfaces. Rocchio worked as an operator/manager for E&B Paving's Kokomo Plant continuously from 1987 until his date of termination, July 17, 2019.

13. Rocchio was and is a member of the labor union IUOE at all times from 1987 to the present.

14. The terms and conditions of Rocchio's employment with E&B Paving were subject to a Collective Bargaining Agreement ("CBA") between IUOE and Highway, Heavy, and Utility Division – Indiana Constructors, Inc. – Labor Relations Division (ICI-LRD). A copy of the CBA is attached as Exhibit A.

15. Under the CBA, ICI-LRD is the sole and exclusive bargaining agent for its member organizations. Ex. A, p. 2. E&B Paving is a member organization of ICI-LRD.

16. The State of Indiana legalized the sale, purchase, possession, and consumption of cannabidiol oil ("CBD oil"), effective March 2018. *See, e.g.,* Ind. Code § 24-4-21-1 *et seq*. and Ind. Code § 24-4-22-1 *et seq*.

17. In March of 2019, Rocchio purchased CBD oil at a pharmacy under the recommendation of a licensed pharmacist. The pharmacist filled Rocchio's order for CBD oil and recorded it with a prescription number. In July 2019, the pharmacist filled another order for CBD oil and again recorded it under the same prescription number for Rocchio.

18. In March 2019, Rocchio began using CBD oil to treat aches and pains.

19. CBD oil contains residual amounts (0.3% or less) of tetrahydrocannabinol ("THC"). It is possible, but rare, for a person using CBD oil to falsely test positive for marijuana on a drug test.

20. Under the CBA's Substance Abuse Testing Program and E&B Paving's Drug Free Workplace and Drug Testing Policy, all E&B Paving employees and IUOE union members are subject to random drug testing.

21. The Substance Abuse Testing Program provides that, if an employee tests positive on a drug test for the first time, "the employee is subject to immediate termination, upon notice…of the positive test result." Ex. A, p. 78.

22. The Substance Abuse Testing Program permits reinstatement of employees who have been terminated for a first positive test result. The CBA states in part: "Employee is not eligible for work until he has taken, at his own expense, a 10-panel test, at an approved clinic and the results of this test have been analyzed by a SAMHSA certified laboratory and the test results must have been reviewed by an MRO and certified as being negative for the prohibited items and/or substances…and the ICI SAT program, Union and Employer have received the certified negative test results." Ex. A, p. 78.

23. The Substance Abuse Testing Program permits employees to use prescription drugs, but the employee "must immediately inform their supervisor of such prescription drug use." Ex. A, p. 80. If an employee tests positive, and "has not previously informed the Employer of the use of prescription drugs, the employee may be suspended for two weeks and is subject to unscheduled sporadic testing for six months." *Id*.

24. E&B Paving imposes additional requirements on employees through its Drug Free Workplace and Drug Testing Policy that are not required by the CBA, and were not collectively bargained with the union.

25. For example, the E&B Paving Drug Testing Policy provides additional steps for an employee's return to duty following a first offense that are not included in the CBA, including

a "referral to a Substance Abuse Professional 'SAP.'" The E&B Drug Testing Policy also provides that an employee's return to duty is "at management's discretion."

26. The E&B Paving Drug Testing Policy prohibits, *inter alia*, "reporting for work under the influence of intoxicants, illegal drugs or prohibited substances."

27. CBD oil is not an intoxicant, illegal drug, or prohibited substance.

28. Prior to July 9, 2019, Rocchio had never failed a drug test.

29. On July 9, 2019, Rocchio was ordered to do a random urine drug screen.

30. On July 17, 2019, the testing facility, Midwest Toxicology Services, notified Rocchio and E&B Paving that Rocchio tested positive for "marijuana metabolites." Rocchio tested negative for all other prohibited substances.

31. Rocchio does not use marijuana, or any other product containing THC, other than CBD oil.

32. On July 17, 2019, at approximately 2:00 p.m., Rocchio's supervisor told Rocchio that he needed to terminate him due to the positive test result, but instructed him to continue working until the end of the work day. Rocchio worked until his shift ended at 6:00 p.m., when he was told to leave the facility and not return.

33. Rocchio contacted Midwest Toxicology Services for a referral to a Substance Abuse Professional, in compliance with the E&B Paving Drug Testing Policy. Midwest Toxicology Services referred Rocchio to Jere F. Parker, MA, LCSW, LCAC, SAP.

34. Parker evaluated Rocchio and determined that Rocchio did not have any drug dependency. Parker did not require or recommend that Rocchio complete any treatment program.

35. Following Parker's evaluation, Rocchio contacted Midwest Toxicology Services to make arrangements for a return to duty or reinstatement test.

36. On July 25, 2019, at Rocchio's expense, Midwest Toxicology Services administered a 10-panel urine drug screen on Rocchio for his reinstatement and/or return to duty, in compliance with the CBA and the E&B Paving Drug Testing Policy. Rocchio tested negative on this test. Midwest Toxicology Services shared the results of this test with both E&B Paving and IUOE, but did not send a copy of the written test results to Rocchio.

37. Between July 19 and 25, 2019, on his own accord, and at his own expense, Rocchio voluntarily took three additional drug tests, including a hair test, urine test, and over-the-counter test, all of which were negative for marijuana.

38. On or about August 30, 2019, IUOE contacted E&B Paving and requested that Rocchio be reinstated and returned to work, as a result of his negative test results. E&B Paving denied the request for Rocchio's reinstatement.

39. On or about September 3, 2019, Rocchio filled out a grievance form in anticipation of filing a grievance against E&B Paving for violation of the CBA, with the assistance of IUOE. He attached supporting documentation to his grievance form, including copies of his negative test results.

40. On or about September 6, 2019, Rocchio met with IUOE President John Ballard and Business Agents Cory Lodge and Joe Hayden. At the meeting, Rocchio presented his grievance form and supporting documents to IUOE and said that he wanted to file a grievance.

41. During the September 6, 2019, meeting, IUOE declined to assist him and did not permit him to file the grievance. IUOE refused to consider the merits of Rocchio's grievance, or any of its supporting documentation.

42. During the September 6, 2019, meeting, Ballard accused Rocchio of lying, and of fabricating the documents which verified his negative test results. When Rocchio proposed that

IUOE request the documents directly from his medical providers, IUOE responded that it would be a HIPAA violation to do so. Rocchio confirmed that he would sign any written authorizations or releases necessary to release his medical information to IUOE. IUOE still refused to consider the information or request it from a third party to verify its authenticity.

43. During the September 6, 2019, meeting, IUOE informed Rocchio that since he tested positive, and E&B Paving denied their request for reinstatement, there was nothing more they could do for him.

44. Rocchio exhausted all internal remedies available to him under the CBA prior to filing this lawsuit.

45. Following his termination of employment from E&B Paving, Rocchio has been unable to obtain new employment because he now has a false reputation in the industry as a drug user.

46. Unable to obtain reinstatement or alternative employment, Rocchio had no choice but to elect early retirement at age 55, resulting in a 21% reduction in his monthly pension benefit.

### III. LEGAL ALLEGATIONS

#### Count I: Breach of Duty of Fair Representation Against IUOE

47. Rocchio hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

48. As the exclusive representative of all employees in the collective bargaining unit, IUOE owed a duty of fair representation to Rocchio. IUOE has an obligation to serve the interests of all members without hostility or discrimination, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

49. IUOE breached its duty of fair representation to Rocchio by engaging in arbitrary, discriminatory, and/or bad faith conduct toward Rocchio.

50. IUOE engaged in arbitrary conduct by irrationally ignoring Rocchio's meritorious grievance against E&B Paving, or failing to even minimally investigate the merits of Rocchio's proposed grievance before declining to pursue it.

51. IUOE engaged in arbitrary, discriminatory, and/or bad faith conduct by accusing Rocchio of lying and falsifying the documents that proved he tested negative in subsequent tests.

52. IUOE engaged in arbitrary, discriminatory, and/or bad faith conduct by refusing to consider a signed HIPAA release from Rocchio that would allow IUOE to verify the negative test results directly from Rocchio's medical providers.

53. IUOE engaged in bad faith conduct because it expressed subjective hostility toward Rocchio (including calling him a liar), and this hostility adversely affected the handling of Rocchio's grievance.

54. IUOE engaged in discriminatory conduct against Rocchio because it regarded him as a user of illegal drugs, even though he is not, and thus regarded him as having a perceived physical or mental impairment from the use of illegal drugs.

55. As a direct and proximate cause of IUOE's breach of duty, Rocchio has suffered damages, including, but not limited to, lost wages and compensation, benefits, diminished pension benefits, future earning capacity, out of pocket expenses, emotional distress, pain and suffering, damage to his reputation, and reasonable attorneys' fees and costs incurred in order to obtain substitute representation for pursuing his claim.

## Count II:	Breach of Collective Bargaining Agreement Against E&B Paving

56.	Rocchio hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

57.	A valid and enforceable contract existed between E&B Paving and Rocchio in the form of the CBA.

58.	E&B Paving breached the CBA, including section IV.2.f.2 of the Substance Abuse Testing Program, by failing to reinstate Rocchio after he completed all of the steps required of him in order to obtain eligibility for work under the CBA, including a negative test result.

59.	E&B Paving breached the CBA, including section IV.3 of the Substance Abuse Testing Program, by terminating Rocchio for testing positive due to the use of prescription medication.

60.	Rocchio did not violate the CBA, Substance Abuse Testing Program, or the E&B Paving Drug Testing Policy because CBD oil is not an "intoxicant," "illegal drug," or "prohibited substance," and it is authorized under Indiana law.

61.	Even if E&B Paving's actions arguably may have been compliant with E&B Paving's Drug Testing Policy, this policy is inconsistent with the CBA, and imposes additional terms and conditions on union employees that were not the result of collective bargaining and are not memorialized in the CBA.

62.	As a direct and proximate cause of E&B Paving's breach of the CBA, Rocchio has suffered damages, including, but not limited to, lost wages and compensation, benefits, future earning capacity, out of pocket expenses, emotional distress, pain and suffering, and damage to his reputation.

**Count III:     Employment Discrimination under the ADA Against E&B Paving and IUOE**

63. Rocchio hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

64. E&B Paving is an "employer" as the term is defined under the ADA. 42 U.S.C. § 12111(4).

65. IUOE is a "labor organization" as defined under the ADA. *See* 42 U.S.C. § 12111(7) (incorporating by reference definitions from Title VII).

66. E&B Paving and IUOE are each "covered entities" as defined under the ADA. 42 U.S.C. § 12111(2).

67. Rocchio was able to perform the essential functions of his job without reasonable accommodation.

68. Defendants regarded Rocchio as having a physical or mental impairment, or perceived him to have a physical or mental impairment, due to their perception that Rocchio was using or had used illegal drugs.

69. Rocchio did not engage in the "illegal use of drugs" as defined under the ADA. 42 U.S.C. § 12111(6).

70. Rocchio's use of CBD oil was not unlawful under the Controlled Substances Act, was under supervision by a licensed health care professional, and/or otherwise authorized by the Controlled Substances Act or other provisions of Federal law.

71. Defendants erroneously regarded Rocchio as being engaged in the illegal use of drugs.

72. Rocchio was not and is not engaged in the illegal use of drugs.

73. Rocchio was meeting the legitimate expectations of his employment.

74. Rocchio suffered an adverse action when E&B Paving terminated his employment due to a negative drug test.

75. Rocchio suffered an adverse action when E&B Paving refused to reinstate Rocchio to his previous position after Rocchio tested negative on subsequent drug tests.

76. Rocchio suffered an adverse action when IUOE refused to assist him in filing a grievance against E&B following E&B's denial of reinstatement.

77. A causal connection exists between Defendants' adverse actions towards Rocchio, and Defendants' erroneous perceptions that Rocchio had a physical and/or mental impairment, and/or that Rocchio was an illegal drug user.

78. Rocchio has suffered damages as a result of Defendants' acts of disability discrimination, including but not limited to back pay, front pay, loss of future earning capacity, employer provided benefits, and emotional distress damages.

## IV.   RELIEF REQUESTED

John A. Rocchio requests the following relief:

a. Compensatory damages, including but not limited to lost wages, lost benefits, loss of future earning capacity, diminution of pension benefits, out of pocket expenses, emotional distress, mental anguish, pain and suffering, and reputational injury;

b. Reasonable attorneys' fees and costs;

c. Liquidated damages;

d. Punitive damages;

e. Prejudgment and post-judgment interest; and

   f. Any and all other legal and/or equitable relief to which Rocchio is entitled.

              Respectfully submitted,

              */s/ Kathleen A. DeLaney*
              Kathleen A. DeLaney (#18604-49)
              Christopher S. Stake (#27356-53)
              DELANEY & DELANEY LLC
              3646 Washington Blvd.
              Indianapolis, IN 46205

## JURY DEMAND

Plaintiff, John A. Rocchio, by counsel, hereby demands a trial by jury on all issues so triable.

              Respectfully submitted,

              */s/ Christopher S. Stake*
              Kathleen A. DeLaney (#18604-49)
              Christopher S. Stake (#27356-53)
              DELANEY & DELANEY LLC
              3646 Washington Blvd.
              Indianapolis, IN 46205